U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

```
        IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF TEXAS
                FORT WORTH DIVISION

STEPHEN MATTHEW AVDEEF,      §
                             §
         Plaintiff,          §
                             §
VS.                          §   NO. 4:14-CV-788-A
                             §
GOOGLE, INC., ET AL.,        §
                             §
         Defendants.         §
```

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendant David C. Drummond ("Drummond") to dismiss. The motion sought dismissal for lack of in personam jurisdiction by this court over Drummond or, alternatively, because of the failure of the complaint to state a claim against Drummond upon which relief may be granted. After having considered such motion, the response thereto of plaintiff, Stephen Matthew Avdeef, Drummond's reply, plaintiff's complaint, and applicable legal authorities, the court has concluded that the complaint should be dismissed as to Drummond because of the failure of plaintiff to persuade the court that it has in personam jurisdiction over Drummond.

I.

Pertinent Allegations of the Complaint

The complaint by which the above-captioned action was initiated was filed September 26, 2014, under the title "Plaintiff's Original Complaint for Copyright Infringement and Theft of Intellectual Property." Named as defendants were Google, Inc. ("Google") and Drummond.[1]

Plaintiff complained that Google violated his copyright and intellectual property rights in a novel. Compl. at 3, ¶ 5. As to Drummond, plaintiff alleged that he serves as Senior Vice-President and Chief Legal Officer of Google at its location in Mountain View, California. Id. at 2, ¶ 3. Apparently in an attempt to allege facts that would implicate Drummond in plaintiff's claims of copyright infringement and theft of intellectual property against Google, plaintiff made the following allegations:

> Defendant Drummond is an officer of the court licensed to practice law in the State of California through the State Bar of California, and therefore is duly obligated by the rules of ethical conduct to report any known crime that he may be inadvertently participating in. Upon Defendant Drummond's written notification of his employer's criminal actions, Defendant Drummond maliciously chose to conceal the

---

[1] The caption and introductory paragraph of the complaint indicate that Drummond was sued "Individually And As Senior Vice-President and Chief Legal Officer of Google." Compl. at 1. The rulings in this memorandum opinion and order and related final judgment dismissing the claims against Drummond are applicable to Drummond in each capacity in which he was sued.

2

> International criminal actions of Defendant Google, from the FBI and all other relevant Federal Authorities.  Attached as material evidence are three of the six certified USPS RRR letters, (Exhibit "D" attached hereto) to prove to the court that Defendant Drummond was made explicitly aware of the criminal and malicious nature of his employer's actions.  Defendant Drummond is not just Defendant Google's Chief Legal Officer, Defendant Drummond in his professional capacity is also Defendant Google's Senior Vice President, and thus a Registered Corporate Officer of Google Inc.  Defendant Drummond's refusal to even respond to Avdeef's valid concern over a two calendar year period in which Defendant Drummond maliciously and criminally concealed Defendant Google's criminal and financial act of theft from Avdeef, now justifies that Defendant Drummond is just as guilty and just as culpably liable for Defendant Google's socialist attack on Avdeef's Federal Protected Copyright, and the intentional deprivation of personal and monetary reward protected under that very same Copyright to hundreds of millions of global consumers, and in turn now justifying the monetary damages now being sought in this Federal Civil Litigation that Defendant Google and Defendant Drummond have now forced upon this court by ignoring a crime victim until they maliciously and frustratingly just "Go Away".

Id. at 8-9, ¶ 9.  From those allegations, plaintiff proceeded to make conclusory assertions that Drummond engaged in copyright infringement and that Drummond's conduct was causing and would continue to cause plaintiff injury.

II.

The Lack of *In Personam* Jurisdiction Feature
of the Motion to Dismiss

In support of the lack-of-in personam jurisdiction feature of the motion to dismiss, Drummond submitted his sworn

declaration establishing his total lack of contacts or connections with the State of Texas. Mot., App. A. Plaintiff provided no evidence to the contrary.

## III.

## Analysis

A. Applicable *In Personam* Jurisdiction Standards

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545-46 (5th Cir. 1985). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982)(citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)).

Personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause

4

of the Fifth Amendment.[2] Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir. 1985); Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[3] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

---

[2]The same minimum contacts test applies under both the Fifth and Fourteenth Amendments where there is no federal statute authorizing nationwide service of process. Point Landing, Inc. v. Omni Capital Int'l, Ltd., 795 F.2d 415, 427 (5th Cir. 1986), aff'd, 484 U.S. 97 (1987) ("absent specific congressional authority, a federal district court has no personal jurisdiction over a defendant who cannot be reached by the long-arm statute of the state in which the district court sits"); Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293 (3d Cir. 1985); Whistler Corp. v. Solar Elec., Inc., 684 F. Supp. 1126, 1128-29 (D. Mass. 1988). Accordingly, the court cites to Fourteenth Amendment cases herein as appropriate.

[3]See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial

6

justice. International Shoe, 326 U.S. at 316. Once the plaintiff establishes existence of minimum contacts, the defendant then has the burden to show that the assertion of jurisdiction would be unfair or unreasonable. See Cent. Freight Lines, Inc. v. APA Transp. Corp., 322 F.3d 376, 384 (5th Cir. 2003). In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). Applying these factors, the court concludes that exercise of jurisdiction over Drummond would not be constitutionally permissible.

B.  The Court is Granting Motion for Lack of Personal Jurisdiction

Plaintiff has failed to clear the very first *in personam* jurisdiction issue as to Drummond. Plaintiff has failed to plead

any facts that, if believed, would establish that this court has jurisdiction over the person of Drummond in connection with this action. Even if the allegations of the complaint had satisfied plaintiff's pleading burden, they would have been completely refuted by Drummond's declaration establishing his lack of contacts with the State of Texas. Plaintiff's response to the motion to dismiss relied strictly on the circumstance that plaintiff sent items of correspondence addressed to Drummond in California pertaining to plaintiff's complaint, and that Drummond did not respond. No evidence was presented by plaintiff that those items of correspondence came to the attention of Drummond, much less has plaintiff referred the court to any authority that the receipt by Drummond of items of correspondence of that kind in California would cause his person to be subject to the jurisdiction of this court.

Plaintiff has failed to refer to anything that would persuade the court that it has <u>in personam</u> jurisdiction over Drummond under either the "specific" jurisdiction theory or the "general" jurisdiction theory. Moreover, plaintiff has made no attempt to persuade the court that the exercise by this court of jurisdiction over the person of Drummond would comport with traditional notions of fair play and substantial justice.

8

For the reasons stated, the court has concluded that the lack of personal jurisdiction feature of defendant's motion is meritorious, and that the claims and causes of action asserted by plaintiff against Drummond should be dismissed.

IV.

Order

Therefore,

The court ORDERS that Drummond's motion to dismiss be, and is hereby, granted on the ground that plaintiff has not persuaded the court that the court has jurisdiction over the person of Drummond; and

The court further ORDERS that all claims and causes of action asserted by plaintiff against Drummond in the above-captioned action be, and are hereby, dismissed for lack of personal jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED December 8, 2014.

JOHN McBRYDE
United States District Judge

9